UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RYAN SOSTAK )<br>)<br>Plaintiff )<br>v. )<br>)<br>)<br>DEREK DAPRATO )<br>and )<br>DAPRATO FAMILY TRUST )<br>)<br>Defendants )<br>)<br>) | Case No._____ |

## COMPLAINT

NOW COMES the Plaintiff, Ryan Sostak, by and through his undersigned counsel and complains against Defendants, Derek Daprato and the Daprato Family Trust, as follows:

## PARTIES/ JURISDICTION

1. Plaintiff, Ryan Sostak ("Sostak"), is a natural person, residing in York, Maine.

2. Defendant, Derek Daprato ("Daprato") is a natural person, currently incarcerated in the Federal Correctional System.

3. Upon information and belief, Defendant Daprato Family Trust ("Trust") is a duly formed trust in the State of New Hampshire currently owning the property located at 30 Julia Drive in Hookset, New Hampshire.

4. This case involves Defendant's civil conspiracy to commit robbery and/or assault and battery and fraudulent transfer of the property located at 30 Julia Drive in Hookset, New Hampshire.

1

## FACTS

5. In August 2, 2019, Daprato, accompanied by three companions and traveling from Hookset, New Hampshire, entered the Plaintiff's property in York, Maine, and robbed and shot him.

6. Daprato, accompanied by Jason Candelario, Luis Carpio and Andrew Soboleski plotted the robbery as evidenced by various texts and emails between the group prior to the robbery, traveling as a group from Hooksett, New Hampshire, to the Plaintiff's residence, and carrying with them a firearm as well as a backpack containing duct tape, zip ties and empty garbage bags.

7. Upon arrival at Sostak's residence, Candelario and Carpio got out of the car and hid in the woods near the home's garage.

8. When Sostak, accompanied by two other individuals, arrived at the residence a violent altercation ensued. During the struggle, a firearm was discharged, and the bullet struck Sostak in the lower abdomen. Daprato and his conspirators then fled the scene.

9. Daprato was arrested in July 2021, along with his three companions, for their actions in robbing the Plaintiff.

10. On July 12, 2023 Daprato pled guilty to his role in the robbery and assault. He received a 12 year sentence with probation to follow.

11. The gunshot wound to Sostak's abdomen resulted in hemorrhagic shock, acute kidney injury and scrotal edema. During the surgery to remove the bullet, Sostak's intestines were resected and a laceration of the left femoral vein was ligated. Doctors had to staple the plaintiff's stomach 22 times and his left leg 24 times during the surgery. He still suffers anxiety, nightmares and depression as a result of incident.

12. As a consequence of being shot, Sostak was in a wheel chair for over a month. He lived in a hotel room for an extended period due to the fear and anxiety he associated with his home.  Sostak suffers from digestive issues which have resulted in a severe decay in his tooth enamel.  There is an 18 inch vertical scar on his abdomen and a 12 inch scar on his inner left thigh.

13. Sostak's medical bills alone exceed $75,000.

14. In addition, due to the incident occurring at his home and the resulting media coverage, Sostak has been unable to sell the property.

15. Defendant has had an ownership interest in the property located at 30 Julia Drive in Hooksett, New Hampshire, since 2015 pursuant to a warranty deed executed on September 25, 2015 (Recorded in the Merrimack County Registry of Deeds at Book 3492, Page 1771). However, after having been arrested, the Defendant transferred the property to the Daprato Family Trust by quit claim deed on February 23, 2023.

16. Plaintiff's claim for damages arose prior to the transfer of property made by the Defendant.  Defendant is a debtor to the Plaintiff.  The Plaintiff, as creditor to the Defendant, received no equivalent value in exchange for the transfer.  Defendant either was insolvent at the time of the transfer or became insolvent as a result of the transfer.

## COUNT I
### (CIVIL CONSPIRACY)

17. Plaintiffs realleges and repeats Paragraphs 1 through 16 as if fully set forth herein.

18. Defendant Daprato acted in concert with Jason Candelario, Luis Carpio and Andrew Soboleski with the common goal of accomplishing robbery and/or assault and battery as set forth above for their own benefit.

19.     In pursuance of the common plan to commit robbery and assault and battery, Defendant Daprato actively furthered the robbery and/or assault and battery through his means of cooperation, his aide and encouragement to others and his ratification of the tortious acts for his benefit.

20.     The collective conspiracy to commit robbery and/or assault and battery was unlawful under civil law.

21.     As a result of Daprato's conspiracy, Sostak has suffered extensive damages and economic harm.

22.     Daprato acted with actual malice and with the specific intent to rob and assault Sostak, justifying an award of punitive damages.

WHEREFORE, Plaintiffs requests that the Court enter judgment for the Plaintiff, award him compensatory damages; all damages suffered as a result of the conspiracy; attorney's fees; costs; and any other relief this honorable Court deems just.

## COUNT II
## (FRAUDULENT TRANSFER)

23.     Plaintiff repeats and realleges Paragraphs 1 through 22 as if fully set forth herein.

24.     Defendant's transfer of the real property located at 30 Julia Drive in Hookset, New Hampshire, was a fraudulent conveyance as defined under the Uniform Transfer Act, 14 M.R.S.A. §§3571-3582.

25.     Plaintiff's claims arose prior to the fraudulent transfer of the above-referenced real property.

26.     Daprato's fraudulent transfer was made:

   a.  With intent to hinder, delay and defraud Plaintiff; or

    b. Without receiving a reasonably equivalent value in exchange for the transfer or obligations, and Daprato: (1) was engaged or was about to engage in a business or transaction for which the remaining assets of Daprato were unreasonably small in relation to the business or transaction; or (2) Daprato intended to incur, or believed or reasonably should have believed that it would incur, debts beyond his ability to pay as debts became due; or

    c. The transfer made by Daprato because Plaintiff's claim arose before the transfer was made, and that transfer was made to insiders for an antecedent debt, and Daprato was insolvent at that time, and the insiders had reasonable cause to believe that Daprato was insolvent.

WHEREFORE, Plaintiff requests that the Court enter judgment for the Plaintiff, award him compensatory damages; void the transfer of assets to the extent necessary to satisfy the Plaintiff's claims; all damages suffered as a result of the fraudulent transfer, attorney's fees; costs; and any other relief this honorable Court deems just.

Dated at Saco, Maine this 4th day of October, 2023.

/s/ Thomas Miscio
Thomas R. Miscio, Esq.
Maine Bar #4578
Attorney for Plaintiff

BERGEN & PARKINSON, LLC
144 Main Street
Saco, Maine 04072
(207) 283-1000
tmiscio@bergenparkinson.com